### J. H. BARNARD v. J. G. MARTIN.

*Action on Note—Liability of Surety—Judgment.*

1. Where the maker of a note, in an action thereon, claims that it was given as security for a loan made by plaintiff to a corporation, his liability is fixed by a showing that the corporation was insolvent at the commencement of the action, and it would be a vain thing to require plaintiff to seek to recover from an insolvent corporation before demanding of defendant the fulfillment of his contract of suretyship.

2. Where, in an action on a note for which collateral had been deposited, it appeared that plaintiff had re-hypothecated the collateral, the rights of the defendant were properly guarded by the judgment which set out that the collateral had been deposited with the Clerk to be delivered to defendant on the payment of the judgment.

CIVIL ACTION, heard before *Bynum, J.,* and a jury, at August Term, 1892, of BUNCOMBE Superior Court.

The facts are sufficiently stated in the opinion of Associate Justice BURWELL.

From a judgment for the plaintiff the defendant appealed.

*Mr. W. W. Jones,* for plaintiff.
*Mr. Charles A. Moore,* for defendant (appellant).

BURWELL, J.: The plaintiff alleges in his complaint that he is the owner and holder of a promissory note for the

sum of three thousand dollars signed by the defendant, by his duly authorized agent, and made payable to him and due January 30, 1891; that no part of said note has been paid except the interest thereon to August 24, 1891; that at the time of the execution of said note the defendant deposited with him a certificate for nine hundred and fifty shares of stock in the Asheville Street Railway Company, which he avers he is ready and willing to return to the defendant upon the payment of said note.

The defendant admits the truth of all the above stated facts, and says that the certificate of stock spoken of was put in the hands of the plaintiff to secure the payment of the note, but he insists that it was delivered, with the stock collateral, to secure the plaintiff in the event that the Asheville Light and Power Company could not be compelled to pay to him the sum of three thousand dollars and interest which plaintiff had agreed to loan that company, if protected by defendant in that way from loss.

The plaintiff contended that such was not the agreement under which he acquired possession of the note and collateral, but, on the contrary, that he loaned defendant three thousand dollars, taking the note therefor, and defendant in turn loaned the money he had thus borrowed from plaintiff to the Light and Power Company.

The jury, upon issues submitted to them, have found that that company was insolvent when this suit was brought, and is insolvent now, and there is no pretense that the money spoken of, which it received, has been paid to either of the parties. There was no exception to any of the evidence relating to these issues, nor to the charge so far as it referred to them.

The insolvency of the Light and Power Company being thus established, the liability of defendant to plaintiff for the amount of the note was fixed according to his own

version of the matter, and it becomes of no consequence to decide whether the money was loaned to the company by defendant or by plaintiff. He cannot require the plaintiff to do so vain a thing as to seek to recover from an insolvent corporation before demanding that he shall fulfill his contract of suretyship.

We do not deem it necessary to consider the exceptions taken on the trial, all of which relate to other issues, since in the view we take of the case, expressed above, those issues become immaterial, further than to say that we find no error in his Honor's ruling.

It was admitted on the trial that plaintiff had used the certificate of stock which defendant had deposited with him as above stated to secure a loan of three thousand dollars which he had obtained from the National Bank at Asheville. In the judgment rendered against the defendant it is stated that the plaintiff has deposited that certificate in the hands of the Clerk to be delivered to defendant when he pays the amount of that judgment. We think that his Honor has properly guarded the rights of the defendant by the terms of the judgment.                    Affirmed.